UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                            Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.140.20,<br><br>                            Defendant. | Case No.: 21cv147-AJB (MSB)<br><br>**ORDER DENYING SUBSCRIBER'S ASSIGNED IP ADRESS 70.95.140.20 MOTION FOR RECONSIDERATION [ECF NO. 13]** |

On March 11, 2021, Plaintiff Strike 3 Holdings, LLC filed an "Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference." (ECF No. 4.) Plaintiff moved to subpoena Defendant John Doe's Internet Service Provider ("ISP") Spectrum for "limited, immediate discovery . . . so that Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement, and effectuate service." (ECF No. 4-1 at 7.) On April 5, 2021, the Court issued an "Order Granting Plaintiff's Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference." (ECF No. 9.)

On May 28, 2021, the Court accepted on discrepancy a letter from a unanimous "subscriber associated with IP address (70.95.140.20)" ("the Subscriber"), dated May 20, 2021, and referencing the instant case name and number. (See ECF Nos. 12 & 13.) The Subscriber's letter consists of several sentences. (See ECF No. 13.) The Subscriber

1

states that his or her ISP "has recently advised me that a subpoena has been issued which includes my IP address (70.95.140.20)." (Id. at 1.) The Subscriber further contends the following: "I object to the release by [the ISP] to the plaintiff of my personal information (name and address) in the above referenced case." (Id.) The Subscriber does not otherwise provide any other facts, arguments, or legal authority. (See id.)

On June 2, 2021, Plaintiff filed an Opposition to the Subscriber's filing. (ECF No. 14.) Plaintiff argues that the Subscriber has not presented any grounds to quash the subpoena, and a protective order will safeguard any privacy concerns the Subscriber might have. (Id. at 4–5.)

Having reviewed the Subscriber's letter, the Court construes it as a Motion for Reconsideration of its April 5, 2021 "Order Granting Plaintiff's Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference." "The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration." Soares v. Paramo, Case No.: 3:13-cv-02971-BTM-RBB, 2016 WL 3997594, at *1 (S.D. Cal. July 25, 2016). Courts permit motions for reconsideration to be brought under Federal Rule of Civil Procedure 59(e) or 60(b). Victorino v. FCA US LLC, Case No.: 16-cv-01617-GPC-JLB, 2017 WL 4557193, at *1 (S.D. Cal. Oct. 12, 2017). A motion for reconsideration is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed after the entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001); see also Hupp v. San Diego Cnty., Civil No. 12cv0492 GPC (RBB), 2014 WL 2865729, at *1 (S.D. Cal. June 24, 2014) (providing that a court can construe a motion for reconsideration as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60.) Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud,

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Further, Civil Local Rule 7.1(i)(1) provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Motions for reconsideration may be brought within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. Civ.L.R. 7.1(i)(2).

"[A] motion for reconsideration is not a chance at a second bite." Golden Bridge Tech., Inc. v. Apple Inc., 758 F.3d 1362, 1369 (Fed. Cir. 2014) (quoting Senza–Gel Corp. v. Seiffhart, 803 F.2d 661, 663-64 (Fed. Cir. 1986)). "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Motions to reconsider are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. See id. Whether to grant or deny a motion for reconsideration is within the sound discretion of the court. Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

In its April 5, 2021 order, the Court found that "Plaintiff has provided sufficient information about infringing activity tied to Defendant's unique IP address, the specific date and time associated with the activity, and the location of the activity[,]" and Plaintiff has therefore "demonstrated with sufficient specificity that Defendant is a real person or entity, likely subject to the jurisdiction of this Court." (ECF No. 9 at 7.) The Court further found that Plaintiff "has made a good faith effort to identify, locate, and

serve the Defendant[,]" and "has sufficiently alleged a prima facie elements of copyright infringement, and its Complaint will likely withstand a motion to dismiss." (Id. at 8, 10.) The Court also found that if Defendant's ISP "provides Plaintiff with Defendant's name and address, this will likely lead to information making it possible for Plaintiff to effectuate service on Defendant." (Id. at 10.) The Court allowed Plaintiff to "serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum, seeking only the name and address of the subscriber assigned to the IP address 70.95.140.20." (Id.) Notably, the Court specifically stated that Plaintiff "may not subpoena additional information about the subscriber"; "may only use the disclosed information to protect its copyrights in the instant litigation"; and that "[n]o other discovery is authorized at this time." (Id. at 10–11.)

The Subscriber's filing does not establish any new or different facts and circumstances that did not exist at the time the Court issued its "Order Granting Plaintiff's Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference." (See ECF No. 13.) The Subscriber also does not articulate any other reasons that would justify reconsideration. (See id.) Accordingly, the Court **DENIES without prejudice** the Subscriber's Motion for Reconsideration.

To alleviate the Subscriber's privacy concerns, the Court **ORDERS** that any filing containing his or her name, address, or similar identifying information be accompanied by a motion to seal. If and when the Complaint is served and Doe Defendant enters an appearance, the Court will consider whether Defendant's identity may be sealed in light of the applicable legal standards.

**IT IS SO ORDERED.**

Dated: June 28, 2021

Honorable Michael S. Berg
United States Magistrate Judge